IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTANA USA, INC.,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GRACO CHILDREN'S PRODUCTS, INC.,** | : | |
| | : | |
| **Defendant** | : | **NO.   14-03151** |

### REVISED NOTICE OF RULE 16 CONFERENCE

Filed:   September 30, 2014

The telephonic Rule 16 conference in the above matter previously scheduled for October 6, 2014 has been rescheduled by Judge Lawrence F. Stengel to **November 7, 2014 at 9:30 a.m.**   Plaintiff's counsel will initiate the call with opposing counsel and with the Judge's law clerk at 267-299-7762.   The purposes of the conference are set forth in Rule 16 of the Federal Rules of Civil Procedure.   In preparation for this conference, the parties' Rule 26(f) Conference shall be held on or before **October 17, 2014.**   Initial disclosures pursuant to Rule 26(a) shall be completed no later than **October 31, 2014**.

At the Rule 16 Conference, counsel should be prepared to address all topics listed in Local Rule of Civil Procedure 16.1(b) and Federal Rule of Civil Procedure 16(b) and (c).   Counsel should also be prepared to discuss the strengths and weaknesses of the case, and therefore should be completely conversant in the essential issues and facts of the case.   Counsel must have full authority to negotiate or settle the case or should bring a client representative to the conference who has such authority.

It is also expected that the parties will reach an agreement on how to conduct electronic discovery. The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) Conference and shall be prepared to address e-discovery at the Rule 16 Conference with the court. In the event the parties cannot reach such an agreement before the Rule 16 Conference, the court will enter an Order incorporating default standards.

**Counsel are to complete and submit the attached Joint Status Report. All reports are to be sent to the Philadelphia chambers at least three (3) days *before* the Rule 16 Conference. Facsimile transmission (267-299-5068) is permitted. This report shall not be filed with the Clerk of Court. Counsel are directed to comply with Judge Stengel's Policies and Procedures on the Eastern District of Pennsylvania's website: www.paed.uscourts.gov.**

**Failure to comply with any of the provisions of this Order may result in sanctions, including penalties assessed against the offending counsel, and in the appropriate case, dismissal of the action or default against the defendant(s), pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.**

Continuances of this conference shall be granted only in extreme circumstances. If you are unable to participate, someone from your office as familiar as possible with this case should participate.

Finally, counsel will be expected to have discussed with their clients the possibility of electing to proceed before a Magistrate Judge for final disposition in this case. Pursuant to 28 U.S.C. § 636(c) and Local Rule of Civil Procedure 72.1, Magistrate Judges are authorized, with agreement of the parties, to try any civil case, jury

or non-jury, with appeals going directly to the Court of Appeals for the Third Circuit.   In addition, Magistrate Judges typically can provide a firm trial date which would not superseded by a criminal case with a Speedy Trial deadline.

                              FOR THE COURT:

                              /s/ Patricia A. Cardella
                              Patricia A. Cardella
                              Deputy Clerk to Judge Lawrence F. Stengel

Copies e-mailed to the
following counsel on September 30, 2014:

Anthony S. Volpe, Esquire
Ryan William O'Donnell, Esquire
Gregory J. Carlin, Esquire
Stephen M. Schaetzel, Esquire
Walter Hill Levie, Esquire
Warren J. Thomas, Esquire
Harry G. Mahoney, Esquire
Matthew J. Junk, Esquire

## Joint Status Report Pursuant to Rule 26(f)

Caption:                                              Civil Action:

Basis of Jurisdiction: _____

Jury Trial: _____     Non-Jury Trial: _____     Arbitration: _____

Plaintiff's counsel participating in the Rule 16 Conference: _____

Defendant's counsel participating in the Rule 16 Conference: _____

When did the parties hold the Rule 26 Conference? _____

When did the parties comply with Rule 26(a)'s duty of self-executing disclosure? _____

Does either side expect to file a case-dispositive motion? _____ (yes/no)

    If yes, specify the rule _____

    If yes, specify the issue _____

Approximate date case should be trial-ready: _____

    Time for Plaintiff's case: _____     Time for Defendant's case: _____

Is a settlement conference likely to be helpful? _____     If so, when:

    Early _____ (yes/no)          After Discovery _____ (yes/no)

Have the parties elected to proceed before a U.S. Magistrate Judge for final disposition? (yes/no)

Plan for Discovery:

1. The parties anticipate that discovery should be completed within _____ days.

2. What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to? _____

3. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)? _____ (yes/no)

4. Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan. _____

   _____

5. If you contend that the discovery period should exceed ninety days, please state reasons:

   _____

   _____

*This form should be faxed to Chambers at 267-299-5068,*
*mailed to Chambers, or hand-delivered to Chambers at*
*3809 U.S. Courthouse, 601 Market Street, Philadelphia, PA   19106*